UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 08-61167-CIV-MORENO**

DULAW MANAGEMENT LIMITED, a Company Incorporated Under the Laws of the Commonwealth of the Bahamas, as Successor Trustee of the SIR ORVILLE TURNQUEST Irrevocable Insurance Trust, a Trust located in the State of Florida,

    Plaintiffs,

vs.

PHL VARIABLE INSURANCE COMPANY; LASALLE BANK NATIONAL ASSOCIATION, COVENTRY CAPITAL I, LLC; and BOUNDLESS SOLUTIONS, INC., f/k/a FINANCIAL PROFILES, a Florida Corporation,

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court upon Defendant Coventry Capital I's Motion to Compel Arbitration and Stay Adversary Proceedings **(D.E. No. 4)**, filed on **July 30, 2008** and LaSalle Bank National Association's Motion to Dismiss by Joining, Concurring, and Adopting the Co-Defendant Coventry Capital I, LLC'S Motion to Compel Arbitration **(D.E. No. 10)** filed on **August 5, 2008**.

THE COURT has considered the motions and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions are GRANTED as the motions are well-reasoned and the Plaintiff has failed to file a response to resist arbitration. *See* S.D. Fla. L.R. 7.1(C).

## I. Background

Plaintiff, a Trustee, is suing for rescission (Count I), breach of contract (Count II), and misrepresentation (Count III).  The trust acquired a life insurance policy from PHL Variable Insurance for the former governor-general of the Bahamas, Sir Orville Turnquest.  To finance payment of the premiums due on the policy, the trust obtained a loan from LaSalle Bank.  The loan was secured by the policy itself.  Co-defendant Coventry Capital I served as the agent servicing the loan on behalf of LaSalle Bank and co-defendant Boundless Solutions served as the agent for PHL Variable Insurance Company.

Defendants LaSalle Bank and Coventry Capital I have moved to compel arbitration on the breach of contract and misrepresentation claims.  They have moved to stay the rescission claim pending the resolution of the arbitration.  The loan agreement contains an arbitration clause:

> Any claim or dispute, whether in contract, tort, statute, otherwise (including interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors, or assigns, which arises out of or relates to this Agreement or any related or resulting agreement, transaction, or relationship (including any such relationship with third parties who do not sign this Agreement) shall . . .be resolved by neutral, binding arbitration and not by a court action.

In addition to the actual loan agreement, the trust and Coventry Capital I executed another written agreement to arbitrate.  It says:

> [A]ll . . . disputes and controversies of every kind and nature . . . arising out of or in connection with [the Transaction Documents,] including but not limited to, its existence, construction, validity, interpretation or meaning, performance, non-performance, enforcement, operation, breach, continuance, or termination thereof shall be submitted and settled by arbitration in accordance with the rules of the American Arbitration Association.

## II. Legal Standard & Analysis

The Federal Arbitration Act embodies "the strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Keeping with this favorable policy, the Supreme Court has mandated that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *MS Dealer Servs. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). Therefore, "a party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79 (2000). Plaintiff has provided no resistance and the Court can see no reason why the arbitration clauses should not be given effect. Accordingly, the Court compels arbitration as to the breach of contract and misrepresentation claims against LaSalle Bank and Capital Coventry I.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of October, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record